UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUMBERMENS MUTUAL CASUALTY
COMPANY,

                Plaintiff,        5:08–CV–865 (LEAD)

     -v-

FLOW INTERNATIONAL CORPORATION;
FLOW AUTOCLAVE SYSTEMS, INC.; FLOW
PRESSURE SYSTEMS; ABB PRESSURE
SYSTEMS; AVURE TECHNOLOGIES AB;
and AVURE TECHNOLOGIES, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FLOW AUTOCLAVE SYSTEMS, INC.; FLOW
PRESSURE SYSTEMS; ABB PRESSURE
SYSTEMS; AVURE TECHNOLOGIES AB;
and AVURE TECHNOLOGIES, INC.,

                Plaintiffs,       5:08–CV–915 (MEMBER)

     -v-

LUMBERMENS MUTUAL CASUALTY
COMPANY and KEMPER INSURANCE
COMPANIES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HAVKINS ROSENFELD RITZERT & VARRIALE, LLP<br>Attorneys for Lumbermens Mutual Casualty Company & Kemper Insurance Company<br>1065 Avenue of the Americas, Suite 800<br>New York, NY 10018 | ABRAHAM E. HAVKINS, ESQ.<br>GREGG S. SCHARAGA, ESQ.<br>STEVEN H. ROSENFELD, ESQ.<br>LINDA FRIDEGOTTO, ESQ. |
| COSTELLO, COONEY, & FEARON, PLLC<br>Attorneys for Flow International Corporation, Flow Autoclave Systems, Inc., Flow Pressure Systems, ABB Pressure Systems, Avure Technologies AB, & Avure Technologies, Inc.<br>500 Plum Street, Suite 300<br>Syracuse, NY 13204 | SHELLY L. DIBENEDETTO, ESQ.<br>ROBERT J. SMITH, ESQ. |

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

### I. INTRODUCTION

Plaintiff Lumbermens Mutual Casualty Company ("Lumbermens" or "plaintiff") brought this declaratory action against defendant Flow International Corporation ("Flow International"); and defendants Flow Autoclave Systems, Inc. ("Flow Autoclave"), Flow Pressure Systems ("Flow Pressure"), ABB Pressure Systems, Avure Technologies AB, and Avure Technologies, Inc. (collectively the "Flow entities")[1] (collectively with Flow International, "defendants").  This case, Civil Action No. 5:08–CV–865, is the lead case.

---

[1] The complaint alleges the Flow entities were Flow International's alter ego and each were the same legal entity.  Plaintiff contends that at all times relevant to this action, Flow Autoclave, Flow Pressure, ABB Pressure Systems, Avure Technologies AB, and Avure Technologies, Inc. were owned by Flow International.  Defendants deny this.

- 2 -

In a separate action, the Flow entities asserted claims against Lumbermens, Kemper Insurance Companies ("Kemper"), Crucible Materials Corporation ("Crucible"), Travelers Property Casualty Company of America ("Travelers"), and Zurich American Insurance Company ("Zurich"). Lumbermens and Kemper responded with counterclaims against the Flow entities. That case, Civil Action No. 5:08–CV–915, is the member case.

Plaintiff and defendants previously moved for summary judgment in the lead case. Those motions were granted in part and denied in part. See Lumbermens Mut. Cas. Co. v. Flow Int'l Corp., 844 F. Supp. 2d 286 (N.D.N.Y. 2012). The lead complaint's remaining causes of action seek a declaration that no coverage exists: (1) due to the Professional Liability Exclusion ("PLE"); (2) for claims arising out of the loss of the Pressurized Containment System ("PCS"); and (3) for property damage caused by the Flow entities' work. No party moved with respect to the member case. Accordingly, the following claims remain in the member complaint: (1) breach of contract based on Lumbermens' and Kemper's duty to defend the underlying actions; (2) a declaration as to the rights and obligations of the parties and a declaration that Lumbermens has an indemnification obligation in the underlying lawsuits; and (3) attorneys' fees and disbursements resulting from the alleged breach of contract. The member case's counterclaims seek a declaration that no coverage exists: (1) due to the PLE; (2) for claims arising out of the loss of the PCS; and (3) for property damage caused by the Flow entities' work.[2]

---

[2] The counterclaims in the member case are the same as its claims in the lead complaint.

## II. BACKGROUND

It is assumed the parties are familiar with the underlying facts as detailed in the February 17, 2012, Memorandum-Decision and Order.  See Lumbermens, 844 F. Supp. 2d at 289–98.

## III. DISCUSSION

Following the Memorandum-Decision and Order, trial was scheduled for February 11, 2013 in Utica, New York, with jury selection to commence on February 5, 2013.  After reviewing the numerous pre-trial in limine motions made by both parties, the trial was adjourned without date and a hearing was held on February 6, 2013, at which time all motions were heard.  Decision was reserved.

### A. Plaintiff's Motions in Limine

#### 1. Preclude Christopher Thomas, Esq. from testifying

Lumbermens moves to preclude defendants from calling Christopher Thomas, Esq., who has represented Crucible in the underlying actions since 2002.  Plaintiff contends he was never disclosed as a witness until defendants' September 24, 2012, pre-trial disclosures.

Under Federal Rule of Civil Procedure 37(c)(1), a failure to timely and properly disclose a witness results in precluding that witness's testimony unless the failure was substantially justified or is harmless.  The failure is harmless when there is no prejudice to the party entitled to the disclosure.  Lumbermens was well aware of Attorney Thomas's role in the underlying litigation and the knowledge he possesses, and has not shown how it would be prejudiced.  This motion will be denied.

### 2. Preclude testimony of Joseph Tedorski and Peter Kahn

Lumbermens moves to preclude defendants from using at trial the depositions of Joseph Tedorski, the adjuster for the underlying Travelers claim, and Peter Kahn, the Certified Public Accountant for the Travelers and Zurich claims. Lumbermens contends their testimony is irrelevant, confusing, hearsay, and was never disclosed during discovery. Plaintiff also asserts it never had an opportunity to cross examine these witnesses.

According to defendants, plaintiff was present at the Tedorski deposition, as the insurer for the Flow defendants, and waived its right to appear at the Kahn deposition. Tedorski and Kahn's testimony is relevant as it goes to the amount of damages sustained at the Crucible plant, and supports defendants' argument that there can be no allocation from the underlying settlement. Further, their testimony is not offered to prove the truth of the claims in the underlying actions, just that they were asserted, and thus the testimony is not hearsay. This motion will be denied.

### 3. Preclude defendants from using Kibble & Prentice (K&P) documents

Lumbermens asserts that documents in Exhibit D-10 were improperly withheld during discovery. Plaintiff subpoenaed documents from K&P, defendants' insurance broker. K&P objected to the subpoena, claiming *inter alia*, privilege based on the insurance broker-client relationship. Instead of forwarding the responsive documents to plaintiff, K&P sent documents to defense counsel, who removed documents on the basis of both privilege and work prepared in anticipation of litigation, and forwarded the remaining documents to plaintiff. Plaintiff contends it never received the privilege log purportedly created by defense counsel, and argues the withheld documents cannot now be used by defendants at trial.

Defendants assert that they were never served with the K&P subpoena as required by Federal Rule of Civil Procedure 45, and thus could not move to quash it. Further, plaintiff thereafter deposed a witness from K&P regarding all of the documents produced, and never moved to enforce portions of the subpoena not complied with. This motion will be denied.

### 4. Preclude evidence of underlying settlement and terms

Lumbermens contends defendants should be precluded from asserting that the cause of the misalignment cannot be established in this trial because the underlying cases settled prior to a finding of liability.

The Release and Settlement Agreement dictated the terms of plaintiff's settlement on behalf of the Flow entities for the underlying Crucible and subrogation actions. At the time, experts could not definitively determine what caused the misalignment, and the Agreement contained no admission of liability. There is no reason defendants cannot argue this fact as they try to show that plaintiff cannot now meet its burden to establish the cause of the misalignment, as required to prove the policy exclusions apply to bar coverage. Despite plaintiff's contention, defendants' assertion that there was no admission of liability does not diminish plaintiff's right to bring this action and contest coverage. This motion will be denied.

### 5. Preclude defendants from asserting failure to allocate argument

Lumbermens contends this argument is barred by the terms of the Release and Settlement Agreement.

Simply because plaintiff disputes defendants' arguments regarding allocation does not mean defendants are not entitled to argue the point. This motion will be denied.

**6. Preclude defendants from arguing defense of "separation of insureds"**

Lumbermens argues this defense was never raised in defendants' answer, initial disclosure, or interrogatory answers.

This is not a defense but instead a matter of contract language as the policy makes clear that all of the rights and duties under the policy apply separately to each named insured as if each were the only one named. Even if it were a defense *per se*, plaintiff was on notice that defendants would raise this argument, as the Flow entities have asserted since the beginning of this suit that some of the policy exclusions do not apply to specific defendants. This motion will be denied.

**B. Defendants' Motions in Limine #1**

**1. Preclude plaintiff from introducing evidence as to Flow International**

Defendants have repeatedly argued that Flow International is not a proper party to this lawsuit and seek to preclude plaintiff from introducing evidence as to Flow International at trial.

This issue was raised in the summary judgment motions. It appeared at that time that Flow International was not involved in the underlying litigation nor the design or manufacture of the PCS, but it was found that based on the relationship between Flow International and the rest of the defendants, Flow International may be ultimately liable for some or all of the remaining defendants' liability. That liability could not be established as a matter of law during the summary judgment phase. However, it is now appropriate to dismiss Flow International as a defendant based on its lack of involvement. Lumbermens is free to later attempt to enforce against Flow International any judgment it may obtain from the Flow entities. This motion will be granted.

**2. Dismiss the case because plaintiff has no expert**

As there will be no expert testimony, defendants contend Lumbermens' case must be dismissed based upon its inability, as a matter fo law, to prove that a defective design caused the misalignment of the PCS. According to defendants, this is so because the subject matter of the testimony needed for plaintiff to prevail lies beyond the common or ordinary knowledge, skill, and expertise of the trier of fact and thus an expert is necessary.

This is not a product defect case and an expert is not necessarily required. Jurors are capable of comprehending facts and drawing conclusions from them. Plaintiff asserts that it intends to introduce documents from the underlying litigation in which defendants' own employees—purportedly more knowledgeable than experts—explain the design and malfunction of the PCS. Plaintiff has proffered enough evidence to permit it to proceed to trial. Defendants are free to make a motion at the conclusion of plaintiff's case if, at that time, it has not offered sufficient evidence for the case to go to the jury. <u>This motion will be denied without prejudice</u>.

**3. Preclude plaintiff from using deposition testimony from the underlying property damage actions**

Defendants argue this testimony is hearsay because they did not have the same motive and opportunity to cross examine these witnesses, and there was no similarity of issues.[3] It is undisputed that defendants were parties in the underlying actions (except Flow International). Defendants contend at the time of the depositions, there was no declaratory

---

[3] At a minimum, defendants argue they are entitled to a limiting instruction advising the jury that the depositions are not admissible against Flow International. This point is moot as plaintiff will be precluded from introducing evidence as to Flow International.

judgment action brought by Lumbermens and no reason to predict that their insurer would later sue them and forego all depositions of parties during this declaratory judgment action. Thus, they had no motive to cross-examine these witnesses as to their expectations of insurance coverage.

According to plaintiff, most of the depositions are of defendants' employees (i.e. agents) and are not hearsay as they are admissions by a party-opponent under Federal Rule of Evidence 801.  Further, defendants' claim that they would have had a different motivation for cross-examination if they had known plaintiff would later sue them is without merit because the issues in that action and in this action—namely defendants' design, manufacture, and installation of the PCS—are the same.  <u>This motion will be denied</u>.

### 4. Dismiss claim based on "Your Product" exclusion

This issue has already been litigated and decided on summary judgment.  <u>This motion will be denied</u>.

## C.  Defendants' Motions in Limine #2

### 1. Preclude plaintiff from admitting Exhibits A and D

According to defendants, documents in Exhibit A (primarily letters and e-mails authored by defense counsel) and Exhibit D (computer notes written by a Federal employee), which may otherwise qualify as business records are inadmissible because they contain additional hearsay statements.  Lumbermens asserts that documents prepared by defense counsel constitute party admissions and are admissible under Federal Rule of Evidence 801.

Under Federal Rule of Evidence 805, hearsay within hearsay must be excluded unless each part of the statement conforms with an exception to the hearsay rule.  Further,

- 9 -

those documents relating to the cause of the misalignment of the PCS are nothing more than attorney opinion and speculation, and cannot now be used by plaintiff as a sword against its insured.  <u>This motion will be granted</u>.

### 2.  Preclude plaintiff from using documents authored by defense counsel

Defendants argue that Lumbermens essentially forced defense counsel in the underlying actions to give their opinions regarding the then-pending claims, and threatened to preclude coverage under the policy if defense counsel did not cooperate.

Any opinions of defense counsel relating to the cause of the misalignment are just that—opinions, and not facts.  Further, those statements would be highly prejudicial.  <u>This motion will be granted</u>.

### 3.  Preclude plaintiff from using defense counsels' statements as "judicial admissions"

Judicial admissions "are statements of fact rather than legal arguments made to a court."  <u>N.Y.S. Nat'l Org. for Women v. Terry</u>, 159 F.3d 86, 97 n.7 (2d Cir. 1998).  Defense counsel's legal theories of the case do not qualify as judicial admissions.  <u>This motion will be granted</u>.

### 4.  Quash subpoena issued to Lauren Miller, Esq.

Attorney Miller is a former associate of defense counsel's law firm, and would presumably testify as to documents in plaintiff's Exhibit A.

Her testimony is irrelevant, has no probative value, and would likely include privileged communications or hearsay.  <u>This motion will be granted and the subpoena quashed</u>.

### D. Defendants' Motion in Limine #3

### Quash subpoenas issued to defendants

Lumbermens seeks additional discovery via trial subpoenas directed at Flow International, Flow Pressure, and Avure Technologies.

Discovery in this action closed on December 17, 2010. Some of the documents Lumbermens now seeks production of are documents not previously requested. The law is clear that trial subpoenas cannot be used to obtain discovery not previously sought. See, e.g., Hickey v. Myers, No. 09–CV–01307, 2013 WL 2418252, at *5 (N.D.N.Y. 2013) (D'Agostino, J.) ("When a party issues subpoenas after the discovery deadline has passed to obtain documents the party was aware of before the discovery cutoff date, the subpoenas and discovery requests should be denied."). This motion will be granted and the subpoenas quashed.

## IV. CONCLUSION

Therefore, it is

ORDERED that

1. Plaintiff's motion in limine is DENIED in its entirety;

2. Defendants' motion in limine #1 is GRANTED as to the request to preclude plaintiff from introducing evidence as to Flow International and DENIED as to defendants' remaining requests;

3. Defendant Flow International Corporation is DISMISSED;

4. Defendants' motion in limine #2 is GRANTED in its entirety and the subpoena issued to Lauren Miller, Esq. is QUASHED;

      5.  Defendants' motion in limine #3 is GRANTED in its entirety and the subpoenas issued to defendants are QUASHED; and

      6.  Trial is scheduled for Monday, August 19, 2013.

      IT IS SO ORDERED.

_____
United States District Judge

Dated: June 21, 2013
       Utica, New York.